IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOCKEY INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> LAMONT D. COOPER, *et al.*, <br><br> Defendants. | CIVIL ACTION NO. <br> 1:24-cv-05294-TRJ |

### ORDER

This matter is before the Court on a Joint Motion to Consolidate and for Amended Consolidated Scheduling Order. The parties request that the Court consolidate Civil Action Nos. 1:24-cv-05294-TRJ and 1:25-cv-00811-TRJ because the two actions arise from the same facts and circumstances. (*Id.* at 1). Specifically, the parties note that the two actions both seek judicial review of a final decision from the Trademark Trial and Appeal Board Opposition No. 9124336. (*Id.*) The parties state that the two actions share common questions of law and fact, consolidation will avoid the imposition of unnecessary costs on the Court and the parties, and consolidation serves the interests of justice and efficiency. (*Id.* at 1–2). The Court agrees.

Federal Rule of Civil Procedure 42(a) confers upon the district courts broad discretionary authority to order consolidation when separate lawsuits involving a common question of law or fact are pending in the same court. *See Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (observing a district court's "purely discretionary" authority under Rule 42(a)). Here, the parties agree

that consolidation of the two actions is appropriate because the claims asserted in this case and the pending related case arise from the same facts and circumstances and involve the same subject matter. As the claims in both actions share a common core of facts and questions of law, the Court exercises its discretion under Federal Rule of Civil Procedure 42(a) to consolidate these cases.

Accordingly, the parties' Joint Motion to Consolidate and for Amended Consolidated Scheduling Order (Doc. 34) is **GRANTED IN PART and DENIED IN PART**. The Court **GRANTS** the Motion to Consolidate and **ORDERS** the consolidation of Civil Action Nos. 1:24-cv-05294-TRJ and 1:25-cv-00811-TRJ. The Clerk is **DIRECTED** to file this Order in both actions. The Clerk is further **DIRECTED** to **CLOSE** Civil Action No. 1:25-cv-00811-TRJ and **CONSOLIDATE** that action with Civil Action No. 1:24-cv-05294-TRJ. The Court **DENIES** without prejudice the Motion for Amended Consolidated Scheduling Order with leave to refile following the parties' scheduled mediation on August 19, 2025.

SO ORDERED, this 4th day of August, 2025.

_____
TIFFANY R. JOHNSON
United States District Judge